### DUART MFG. CO., Limited, v. PHILAD CO.
### No. 96.

District Court, D. Delaware.

Feb. 22, 1940.

See, also, D.C., 30 F.Supp. 777.

Clarence O. McKay (of Bacon & Thomas), of Washington, D. C., and Josiah Marvel, Jr. (of Marvel & Morford), of Wilmington, Del., for plaintiff.

Arthur J. Hudson (of Kwis, Hudson & Kent), of Cleveland, Ohio, and Herbert L. Cohen, of Wilmington, Del., for defendant.

NIELDS, District Judge.

Plaintiff moves the court for leave to file an amended and supplemental complaint. Further, plaintiff moves to file a supplement to this amended and supplemental complaint.

From reading the proposed amendment and supplement it appears that plaintiff has in no way removed the error and infirmity in the pleading in the original case decided by this court on December 7, 1939. Without reviewing the proposed amendments, paragraph by paragraph, the prayers of the amended complaint sufficiently reveal plaintiff's conflicting and inconsistent positions.

The prayers seeking a decree that the license agreements are invalid are:

"1. For a decree declaring said license agreements (Exhibits A and B) invalid, illegal and void in entirety.

"2. For a decree declaring that Plaintiff is not liable to Defendant under said license agreements (Exhibit A and B) for royalties on apparatus and products manufactured by Plaintiff since January 31, 1939 and as shown in the attached Exhibit H.

"3. For a decree declaring that Plaintiff has the right to continue manufacture, sale and distribution of apparatus and products of the type shown in attached Exhibit H, and adapted for or capable for use in carrying out the method of said Mayer reissue patent 18,841, free from the monopoly or monopolies of any United States Letters Patent owned by Defendant and included in said license agreements (Exhibit A and B)."

The prayers for a decree recognizing the continued existence of the license agreements are:

"4. For a decree setting aside said notice of cancellation (Exhibit D) and declaring that Plaintiff is not in default with respect to said license agreements (Exhibits A and B).

* * *

"8. That pendente lite and until this Court decrees said agreements (Exhibits A and B) to be illegal and void, or terminated, Defendant be enjoined from publicizing, announcing to or circularizing the beauty parlor trade in such manner as to represent that Philad is empowered to issue licenses directly to beauty shops under said Mayer reissue patent 18,841, or from issuing or offering to issue licenses directly to beauty shops under said Mayer reissue patent 18,841, or from representing to the trade that it is compelled to issue such licenses to beauty shops, or that beauty shops must purchase such licenses in order to be free to employ the products manufactured and sold by Plaintiff, or from circularizing the beauty parlor trade, with announcements and license forms of the general character represented by Exhibits E and G.

"9. That Defendant be enjoined pendente lite from publicizing or representing to the trade that said license agreements (Exhibits A and B) have been cancelled by Defendant pursuant to the terms of said agreements."

A reading of the proposed amendments and prayers shows that plaintiff is still straddling the situation. On the one hand, plaintiff claims that the license agreement is illegal and void. On the other hand, plaintiff claims that the license agreement is legal and that the notice of the cancellation thereof by defendant is ineffective. The proposed amendments fail to state a cause of action justiciable under the Declaratory Judgments Act. Jud.Code § 274d, 28 U.S.C.A. § 400. The law laid down by this court in its former opinion, 30 F.Supp. 777, 779, is equally applicable here.

The court reiterates the statement: "The courts of California and New York take opposite views respecting the Mayer reissue patent. The California court holds that manufacturers of utensils are contributory infringers and the New York court holds that they are not infringers. Where there is such diversity of ruling the Supreme Court alone can settle the controversy. A declaratory judgment of this court respecting such contributory infringement would be wholly ineffective. It is an accepted rule that when the declaratory relief sought will not be effective in settling the controversy the court may decline to grant it."

Plaintiff's motions for leave to amend will be denied. Defendant's original motion to dismiss the complaint will be granted.